## Commonwealth ex rel. Cohick v. Keeper of County Prison

Patrick H. Fierro and George M. Hess, Jr., for relator.

Daniel F. Knittle, assistant district attorney, for Commonwealth.

GREEVY, J., July 11, 1952.—The matter is before the court on a habeas corpus proceeding instituted in the court of common pleas, to secure the release of Howard C. Cohick, who is in the custody of the warden of the Lycoming County Prison.

Relator was arrested and committed to prison on July 7, 1952, on a bench warrant issued on an indictment charging relator with committing a crime, it being abandonment of minor children, in the County of Steuben in the State of New York. The bench warrant was issued by the deputy county clerk of Steuben County, New York, and addressed to any New York peace officer.

The Constitution of the United States, art. 4, sec. 2, provides that "a person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime".

The Uniform Criminal Extradition Act has been adopted both by the Commonwealth of Pennsylvania, and the State of New York; see 19 PS §191.1-191.31, and McKinney's Criminal Code, secs. 827-859. Section 13 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.13, provides, inter alia:

"Whenever any person within this State shall be charged on the oath of any credible person before any judge or magistrate of this state with the commission of any crime in any other state, . . . with having fled from justice . . . the judge or magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein wherever he may be found in this state and to bring him before the same or any other judge, magistrate or court who or which may be available in, or convenient of, access to the place where the arrest may be made to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant."

Section 14 of the same act (19 PS §191.14) provides:

"The arrest of a person may be lawfully made also by any peace officer or a private person without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a judge or magistrate with all practicable speed, and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section, and thereafter his answer shall be heard as if he had been arrested on a warrant."

The demanding State has not complied with the requirements of the act and it is our duty to determine the legality of the proceedings.

Relator cannot be lawfully held. for extradition in the absence of a Pennsylvania warrant or being taken immediately after his arrest before a judge or magis-. trate and complaint made against him. The crime relator is charged with is a felony in New York and punishable by imprisonment for a term exceeding one year, but more than 72 hours has elapsed since he was

arrested without a Pennsylvania warrant and he has not been taken before either a judge or magistrate and complaint made against him.

Relator has been deprived of his liberty without due process of law and will be discharged on this writ of habeas corpus.

*Order*

And now, July 11, 1952, Howard C. Cohick, relator, is discharged.

It is further ordered that Lycoming County pay the costs of this proceeding.